## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| GREENPOINT MORTGAGE FUNDING, INC., | ) |
| Plaintiff, | ) |
| v. | ) No. 05 C 4498 |
| FAMILY FIRST MORTGAGE, INC., STRAWTHER ALLEN, HAROLD E. LUCAS, JR., THE EXPERTS IN THE REAL ESTATE APPRAISALS, LTD., d/b/a INTELLECTUAL MANAGEMENT, SHORE BANK, ANDREW DAVIS, H.A.A. REAL ESTATE MANAGEMENT COMPANY, OCEAN FINANCIAL CORPORATION, BURNYSS PERRY, a/k/a BURNYSS KHAN, a/k/a DEAN PERRY BURNYSS, KIRK AMBROSE, and LADONNA COLEMAN, | ) Judge Rebecca R. Pallmeyer |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Greenpoint Mortgage Funding, Inc. ("Greenpoint"), claims Defendants induced it to fund a mortgage by providing false information about the purported borrower's financial condition and false information about the condition of the property that was subject to the mortgage loan. Among many other Defendants–including the purported purchaser, a mortgage loan broker, and the appraiser–Plaintiff has named ShoreBank, an Illinois bank whose employee falsely verified the borrower's bank deposits. Many months ago, ShoreBank moved for summary judgment, arguing that the mortgagee's "full credit bid" at the mortgage foreclosure auction extinguishes any other claims by Plaintiff. The court denied that motion, concluding that there were unanswered questions concerning Plaintiff's involvement in the mortgage foreclosure bid. ShoreBank has now again moved for summary judgment. Regrettably, the court concludes there remain important unanswered questions that preclude a ruling in favor of either party on this motion.

The parties have focused on the applicability of the full credit bid rule to the facts presented

here. That rule ordinarily bars claims for damages that arise out of a judicial foreclosure sale when the lender has made a bid equal to the full value of the loan that secures the property. *See, e.g.*, *Partel, Inc. v. Harris Trust and Sav. Bank*, 106 Ill. App. 3d 962, 965-66, 437 N.E.2d 1225, 1227 (1st Dist. 1982). Plaintiff Greenpoint devotes much of its brief to arguing that an exception to the full credit bid rule, established by the Supreme Court of California but not yet passed upon in Illinois, is available here. *See Alliance Mortgage Co. v. Rothwell*, 10 Cal. 4th 1226, 900 P.2d 601 (Cal. 1995). The exception recognized in *Alliance* allowed a mortgagee-lender who had made a full credit bid nevertheless to bring claims against a number of real estate appraisers, brokers, and others who allegedly fraudulently induced the mortgagee-lender to make the loans.

The court will assume that the exception recognized in *Alliance* would be available under Illinois law.[1] The parties here have not, however, developed the record with respect to certain matters that were central to the holding in *Alliance*. For example, the California Supreme Court found it important that the fraud for which Alliance sought to recover had not yet been discovered at the time the mortgagee-lender made its full credit bids at the foreclosure auction. *Id.* at 1246, 900 P.2d at 613-14. In this case, ShoreBank does not dispute Greenpoint's assertion that Greenpoint had no knowledge of the fraud at the time of the foreclosure auction (ShoreBank's Resp. to Greenpoint's Local Rule 56.1(b)(3)(C) Statement ("ShoreBank Resp.") ¶ 89); but the record includes a letter to Greenpoint from Washington Mutual Mortgage Securities Corp. ("WMMSC"), dated two months prior to the auction, that details a number of irregularities in the loan, including a statement that the loan was overvalued by 44%. (Dep. Ex. 35, Ex. H to Def.'s 56.1.) Neither party has addressed whether the information contained in the WMMSC letter could

---

[1] The matter is not free from doubt. Should ShoreBank renew its motion for summary judgment, the court will welcome briefing on this issue, addressing any more recent cases, including, for example, *New Freedom Mortgage Corp. v. Globe Mortgage Corp.*, --- N.W.2d ----, No. 274864, 2008 WL 3013400 (Mich. Ct. App. Aug. 5, 2008) (declining to apply the *Alliance* exception).

or should have put Greenpoint on notice of potential fraud prior to the auction. *See Alliance*, 10 Cal. 4th at 1247, 900 P.2d at 614 (full credit bid rule would not bar Alliance's claims if Alliance could show that its "full credit bids were proximately caused by defendants' fraudulent misrepresentations, and this reliance *without independent or additional inquiry* was either appropriate given the context of the relationship or was not otherwise manifestly unreasonable.") (emphasis added).

On a related issue, the parties do not explain the precise nature of Greenpoint's interest in the Coleman loan at the time of the foreclosure auction. It is undisputed that Greenpoint purchased the loan on December 12, 2003 and that the loan was "transferred" from Washington Mutual to Greenpoint on February 24, 2004. (ShoreBank Resp. ¶ 87.) The parties do not explain what exactly was "transferred," however; are they referring only to the formality of transferring the paperwork for the loan? Or is the court to conclude that Greenpoint had no rights in the loan or the secured property until February 24? The court is left uncertain about the nature of Greenpoint's ownership stake, if any, in the loan at the foreclosure auction on January 8, 2004 (one month after Greenpoint purchased the loan but one month earlier than the "transfer"). And what does it mean that the loan was "transferred" two months after it was repurchased by Greenpoint and one month after the loan was effectively satisfied by the full credit bid at the foreclosure auction? Was the loan effectively extinguished by the time Greenpoint took title to it? Without the answers to these questions, the court cannot determine the reasonableness of Greenpoint's lack of involvement in the foreclosure auction.

Finally, the court notes that Fannie Mae regulations required a "full credit bid" at the foreclosure sale. (Dep. Ex. 32, Ex. G to ShoreBank's Local Rule 56.1(a)(3) Statement of Facts.) If it is true that the foreclosing lender had no choice other than to offer full credit, it may be that such an offer is not fairly construed as a waiver of any right to recovery for fraud.

Should ShoreBank refile its motion for summary judgment, the court requests additional information from the parties, including, but not limited to, the following: the nature of Fannie Mae's

involvement in the Coleman loan, including its relationship to Washington Mutual and Greenpoint before and after the loan repurchase; the rationale behind Fannie Mae's policy that requires a full credit bid regardless of the actual value of the loan; the precise nature of the ownership interests in the Coleman loan retained by Washington Mutual Mortgage Securities Corp., Greenpoint, and Fannie Mae at the time of the foreclosure auction on January 8, 2004, and the ability of the various parties to control the loan.

## **CONCLUSION**

On the basis of the current summary judgment record, the court remains unable to determine whether genuine issues of material fact exist that would require a trial to determine. *See* FED. R. CIV. P. 56(c). Accordingly, ShoreBank's Motion for Summary Judgment [274] is denied without prejudice. The court notes that a ruling in ShoreBank's favor may be relevant to Greenpoint's right to recover against other Defendants, as well. The court therefore invites other Defendants to join any renewed motion and/or to provide evidence of the kind outlined above that would be helpful to the court's determination of the matter.

ENTER:

Dated: December 3, 2008

_____
REBECCA R. PALLMEYER
United States District Judge